# Kreutz *versus* McKnight.

1. A lease of a coal-mine provided that if the payments of rent, &c., were not made in the way stipulated for; the lessors should "have full power to dissolve * * the lease entirely." *Held*, that on the lessee's default, putting another tenant in without demand or notice to the lessee, was not the way to enforce the forfeiture.

2. The lessee being out of possession, it was held that he could not recover in ejectment without showing performance or an offer of performance of his covenants.

3. Another having intruded into the possession, the lessee did not bring suit for two years and a half: *Held*, that this was an abandonment of the term, and obviated the necessity for a demand of rent and a formal declaration of forfeiture.

ERROR to the District Court of *Allegheny county*.

This was an action of ejectment by Louis Kreutz against William McKnight and Sarah his wife, Jane Morgan and Oliver Ormsby, heirs of Jane Ormsby, deceased, H. Burgwin and John Hartman, for 10 acres of land. The writ was served March 5th 1864

on the McKnights, Burgwin and Hartman, and returned "nihil" as to Mrs. Morgan and Ormsby.

The case was tried April 29th 1865, and a verdict found for the plaintiff; the defendants took a writ of error, and on the 16th of July 1865, before the hearing in the Supreme Court, a *nolle prosequi* was entered as to Mr. Burgwin. The judgment was reversed by the Supreme Court (1 P. F. Smith 232), and again tried in the District Court April 6th 1866.

The plaintiff claimed possession under a lease from the heirs of Jane Ormsby, deceased, by H. Burgwin, their attorney in fact, dated January 21st 1861, by which they let to the plaintiff, for four years from the succeeding 1st of April, all the coal under a piece of land containing 10 acres—the plaintiff to dig and take away as much coal as he might deem proper ; but being bound to take away 72,000 bushels per annum, and pay for the coal at the rate of 75 cents per hundred bushels, " and to produce at the end of each month a statement in writing signed by him, and sworn to by him before any magistrate, showing the amount due to said parties of the first part at the rate aforementioned. But if Kreutz should fail to pay the sum due at the end of each month in cash, he shall have the privilege of giving a note for such sum with sufficient security thereon, to be approved by H. Burgwin, and in such case parties of the first part shall have to wait for said money two months from the date of such note with interest. If, however, Kreutz should neglect or fail to comply with the conditions now recited in regard to payment for said coal, parties of the first part shall have full power to dissolve, terminate and annul this article of agreement or lease entirely."

The plaintiff on the trial gave his lease in evidence, and gave evidence also that he worked in the mine four or five months (a large portion of which time was employed in cleaning and fixing up the mine, which was an old one), and got out some coal ; that the pit was left on one night locked and in the morning the door was found broken open, and Hartman, one of the defendants, was in possession of the mine working it. There was no evidence that the plaintiff had possession afterwards. Plaintiff gave also in evidence a sworn return made to Mr. Burgwin, showing that up to September 21st 1861 he had taken out 6064 bushels of coal ; there was no evidence of any other return. He also gave in evidence receipts from Mr. Burgwin, dated July 15th and 26th, and September 21st 1861, for payments for coal, amounting to $43 in the whole ; and proved that another person in 1861 had offered to Mr. Burgwin to raise $50 for plaintiff to pay for coal, " and go bail for whatever amount might be necessary."

After the plaintiff had closed his case, the court, on motion of defendants' counsel, directed a nonsuit to be entered. This was the error assigned.

[Kreutz v. McKnight.]

*R. Woods* and *J. L. Koethen*, for plaintiff in error.

*H. Burgwin*, Jr., for defendants in error.

The opinion of the court was delivered, January 7th 1867, by

WOODWARD, C. J.—If Kreutz had shown substantial performance of the conditions of the lease, or a bonâ fide attempt to perform them, we would hold the lessors to a very strict exercise of their right to "dissolve, terminate and annul" the lease. We do not think there was the necessary evidence of their exercise of this right. The putting another tenant on the premises without demand on or notice to Kreutz, was not the way to enforce the forfeiture.

But the infirmity of the plaintiff's case is, that there was an utter failure to show performance or offer of performance of his covenants. He was bound to take and pay for 72,000 bushels of coal per annum; but after September 1861, only five months from the beginning of the term, he made no returns, and offered no payments or notes with security as the lease provided. His suit was brought 5th March 1864, and in all that interval, between September 1861 and March 1864, two years and a half, there were no returns by the plaintiff, such as the lease stipulated for, and no attempt to comply with his covenants. If Hartman had intruded into the possession, he ought to have sued him promptly, for, as it was a term of only four years from the 1st of April 1861, to suffer an intruder to hold possession two years and a half without question, was to abandon the term altogether, and to obviate the necessity for a demand of the rent and a formal declaration of forfeiture. It would be an intolerable hardship to landlords, if tenants once in possession could allow themselves to be ousted by intruders for more than half the term—neither tenant nor intruder rendering the stipulated rent.

As the case was presented in the evidence, we think it was properly ruled in the court below, and the judgment is accordingly affirmed.